1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS MENDES SOUZA,<br><br>       Petitioner,<br><br>   v.<br><br>RALPH DIAZ,<br><br>       Respondent. | 1:12-cv-01745 MJS HC<br><br>ORDER GRANTING RESPONDENT'S<br>MOTION TO DISMISS<br><br>[Doc. 9] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Brian G. Smiley, Esq., of the Office of the Attorney General for the State of California. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 3, 10.)

## I.    BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Tulare, upon pleading no contest to vehicular manslaughter and allegations that he suffered one prior serious felony

1    under the California three strikes law. (See LD No. 1.[1]) On December 30, 2008, Petitioner was

2    sentenced to serve a determinate term of seventeen years in prison. (Id.) Petitioner appealed

3    his conviction with the California Court of Appeal, Fifth Appellate District. The appeal was

4    denied on November 16, 2009. (LD No. 2.) Petitioner did not seek review in the California

5    Supreme Court.

6         Petitioner filed six post-conviction collateral challenges, in the form of petitions for writs

7    of habeas corpus, with respect to the judgment. The first petition was filed in the Tulare County

8    Superior Court on January 24, 2011.[2] (LD Nos. 3-4.)

9         On October 24, 2012[3], Petitioner filed the instant federal petition for writ of habeas

10   corpus in this Court. On December 21, 2012, Respondent filed a Motion to Dismiss the petition

11   as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d).

12   Petitioner did not file an opposition to the motion.

13   **II.    DISCUSSION**

14        **A.    Procedural Grounds for Motion to Dismiss**

15        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

16   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is

17   not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254

18   Cases.

19        The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

20   answer if the motion attacks the pleadings for failing to exhaust state remedies or being in

21   violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

---

[1] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

[2] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on January 26, 2011, pursuant to the mailbox rule the Court considers the petition filed on January 24, 2011, the date Petitioner signed the petition.

[3] Although the petition was filed on October 26, 2012, pursuant to the mailbox rule the Court considers the petition filed on October 24, 2012, the date Petitioner signed the petition.

1    Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

2    remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

3    grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.

4    1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss

5    after the court orders a response, and the Court should use Rule 4 standards to review the

6    motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

7        In this case, Respondent's motion to dismiss is based on a violation of the one-year

8    limitations period. 28 U.S.C. § 2244(d)(1).  Because Respondent's motion to dismiss is similar

9    in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state

10   procedural default and Respondent has not yet filed a formal answer, the Court will review

11   Respondent's motion to dismiss pursuant to its authority under Rule 4.

12       **B.    Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

13       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

14   of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for

15   writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117

16   S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc),

17   *cert. denied,* 118 S.Ct. 586 (1997).

18       In this case, the petition was filed on October 24, 2012, and therefore, it is subject to

19   the provisions of the AEDPA. AEDPA imposes a one-year period of limitation on petitioners

20   seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As

21   amended, § 2244, subdivision (d) reads:

22       (1)  A 1-year period of limitation shall apply to an application for a writ of
23   habeas corpus by a person in custody pursuant to the judgment of a State court.
     The limitation period shall run from the latest of –

24       (A) the date on which the judgment became final by the conclusion of
     direct review or the expiration of the time for seeking such review;

25
26       (B) the date on which the impediment to filing an application created by
     State action in violation of the Constitution or laws of the United States is
     removed, if the applicant was prevented from filing by such State action;

27
28       (C) the date on which the constitutional right asserted was initially
     recognized by the Supreme Court, if the right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the Petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, Petitioner filed an appeal with the California Court of Appeal, Fifth Appellate District. The court dismissed the petition on November 16, 2009. (LD No. 2.) The Court of Appeal's decision became final the same day. See Cal. Rules of Court 8.264(b)(2)(B). Petitioner did not seek review in the California Supreme Court. Accordingly, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became final on December 26, 2009, upon expiration of the forty-day period within which to file and serve a petition for review with the California Supreme Court. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-654 (2012); Cal. Rules of Court 8.387(b)(1); 8.500(e)(1). The AEDPA statute of limitations began to run the following day, on December 27, 2009. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from December 27, 2009, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until October 24, 2012, over two and a half years after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations. Petitioner has made no showing that the statute of limitations should commence at a later date under § 2244(d)(1)(B)-(D). Accordingly, Petitioner may only rely on tolling to attempt to show that the petition is not barred by the statute of limitations.

**C.**     **Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for

1   State post-conviction or other collateral review with respect to the pertinent judgment or claim

2   is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).

3   In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a

4   petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals

5   between one state court's disposition of a habeas petition and the filing of a habeas petition

6   at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza,

7   183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state

8   petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court

9   explicitly states that the post-conviction petition was timely or was filed within a reasonable

10  time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S.

11  189 (2006). Claims denied as untimely or determined by the federal courts to have been

12  untimely in state court will not satisfy the requirements for statutory tolling. Id.

13       As stated above, the statute of limitations period began on December 27, 2009, and

14  expired a year later. Petitioner failed to file any post-conviction collateral actions until January

15  24, 2011, nearly a month after the statute of limitations period expired. State petitions filed

16  after the expiration of the statute of limitations period shall have no tolling effect.  Ferguson

17  v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation

18  of the limitations period that has ended before the state petition was filed.").

19       Accordingly, the limitations period began on December 27, 2009, and expired on

20  December 26, 2010. The present petition was filed on October 24, 2012, over a year and half

21  after the expiration of the year statute of limitations period.  Accordingly, the instant federal

22  petition is untimely.

23       **D.      Equitable Tolling**

24       The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)

25  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

26  stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010); Pace v. DiGuglielmo, 544

27  U.S. 408, 418 (2005). Petitioner bears the burden of alleging facts that would give rise to

28  tolling. Pace, 544 U.S. at 418. Petitioner has not presented any evidence regarding equitable

tolling. Accordingly, Petitioner is not entitled to the benefit of equitable tolling and his petition remains untimely.

**III.**   **CONCLUSION**

As explained above, Petitioner failed to file the instant petition for habeas corpus within the one year limitation period required by 28 U.S.C. § 2244(d).  Petitioner is not entitled to the benefit of statutory tolling, nor excused from timely filing due to equitable tolling.  Based on the foregoing, Respondent's Motion to Dismiss shall be granted.

**IV.**   **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.   Respondent's Motion to Dismiss (Doc. 9.) is GRANTED;

2.   The Petition for Writ of Habeas Corpus is DISMISSED with prejudice as untimely; and

3.   The Court DECLINES to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack, 529 U.S. 484.  In the present case, jurists of reason would not find debatable whether the petition was properly dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(1). Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated:    February 26, 2013                        /s/  *Michael J. Seng*
                                                     UNITED STATES MAGISTRATE JUDGE